MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

Gary Arland Mitchell

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

Washtenaw County
Washtenaw County District Court
Washtenaw Family Court
Crime Victims Assistance Project
Emily J. Miller, Atty at Law
Amanda Victoria Woods

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

1:22-cv-61
**Hala Y. Jarbou**
Case No **U.S. District Judge**

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

**FILED - LN**
January 24, 2022 10:41 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __eod /__   SCANNED BY 400 1/24

## Complaint for Violation of Civil Rights
## (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

**In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.**

UNITED STATES DISTRICT COURT
FOR THE ~~WESTERN~~ EASTERN DISTRICT OF MICHIGAN

GARY ARLAND MITCHELL #382510

_____

_____

_____

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v.

WASHTENAW COUNTY, ET AL

WASHTENAW FAMILY COURTS

CRIMES VICTIMS ASSISTANCE PROJECT ET. AL,

(Enter above the full name of the defendant or defendants in this action.)

## COMPLAINT

I.  **Previous Lawsuits**

**CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $400.00 filing fee regardless of whether your complaint is dismissed.**

A.  Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?   Yes ☒ No ☐

B.  If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1.  Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

    WASHTENAW COUNTY....ANN ARBOR, MICHIGAN

2.  Is the action still pending?      Yes ☐  No ☒

    a.  If your answer was no, state precisely how the action was resolved: _____

        DISMISSED BY THE MICHIGAN COURT OF APPEALS

3.  Did you appeal the decision?  Yes ☐  No ☒

4.  Is the appeal still pending?      Yes ☐  No ☒

    a.  If not pending, what was the decision on appeal? _____

        DISMISSED

5.  Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?  Yes ☒  No ☐

    If so, explain: ____ FOR THE LAST FIVE YEARS ALL DEFENDANTS HAVE JOINED

    TO VIOLATE MY RIGHT TO HAVE A RELATIONSHIP WITH MY SON

II. **Place of Present Confinement** MICHIGAN REFORMATORY, 1342 W. Main, Ionia, Mi 48846

If the place of present confinement is not the place you were confined when the occurrence that is subject of instant lawsuit arose, also list the place you were confined:

_____

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name          GARY ARland Mitchell

All other names by which you have been known:

ID Number            382510
Current Institution   Michigan Reformatory
Address              1342 W. Main St.
                     Ionia, Michigan 48846

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name              WASHTENAW COUNTY
Job or Title      County within Michigan
(if known)
Shield Number
Employer          State of Michigan
Address           2210 ~~district~~ N. Main St
                  Ann Arbor, Michigan 48107

☑ Individual capacity          ☑ Official capacity

2

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

Defendant No. 2

Name    WASHTENAW COUNTY DISTRICT COURTS

Job or Title (if known)    DISTRICT COURTS

Shield Number

Employer    WASHTENAW COUNTY

Address    101 E. HURON

ANN ARBOR, Michigan 48104

☑ Individual capacity    ☑ Official capacity


Defendant No. 3

Name    WASHTENAW FAMILY COURTS

Job or Title (if known)    CIVIL COURT

Shield Number

Employer    WASHTENAW COUNTY

Address    101 E. HURON

ANN ARBOR, Michigan 48104

☑ Individual capacity    ☑ Official capacity


Defendant No. 4

Name    Emily J. Miller

Job or Title (if known)    ATTORNEY

Shield Number

Employer    CRIMES VICTIM ASSISTANCE PROJECT

Address    15 South Washington

Ypsilante, Michigan 48197

☑ Individual capacity    ☑ Official capacity

3

DEFENDANTS (Con't)

Defendant No. 5

Amanda Victoria Woods
Parent / Ex-Wife
18590 Meade Rd.
Milan, Michigan 48160

Sued in Individual and Official Capacity


Defendant No. 6

Darlene A. O'Brien
Washtenaw Family Court Judge
Washtenaw County
101 E. Huron
Ann Arbor, Michigan 48104

Sued in Individual and Official Capacity

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th Amendment: Cruel and Unusual Punishment

1st, 5th, & 14 amendment: Right To Redress Courts

14th amendment: Right To Due Process

14th Amendment: Right To Equal Protection

Intentional Interference with Parent/Child Relationship

Intentional Infliction of Emotional Distress

Abuse of Discretion

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

4

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

. As a family court Judge, Defendant O'Brien works for Washtenaw County. On August 4, 2017 Defendant entered an Order Suspending Plaintiffs Parenting Time. Although Plaintiff is and has always been official counsel of record in this matter, Defendants O'Brien, Woods, and Miller held this hearing with-out any input and/or Representation of Plaintiff. Plaintiff's Parenting Time was suspended for writing a letter to Defendant Woods stating" If our son ends up acting out... Remember it is your fault." As a District Court Judge and Family Court Judge for Washtenaw County, all Defendant O'Briens Action were under the Color of State Laws. (CON'T)

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Jurisdiction
Con't

2. Defendant Emily Miller is legal counsel for Crime Victims Assistance Project. This agency is an agency that receives State and/or Federal funding an should not discriminate based on gender, race, creed, and/or color. Defendant Miller is using her platform as legal counsel for CVAP as a platform for her pro-women political/personal views. In the five years of filing motions to prevent Plaintiff from having any contact with his minor son Defendant Miller has never mentioned the "best interests of the minor child." Every motion she has filed goes on and on about "the rights of women and Plaintiff somehow using the courts to harass Defendant Woods." This is not about Defendant Woods' rights. Those were adjudicated during the divorce phase. This is simply about a fathers right and a sons right to know each other.

3. Apparently Defendant Woods' justification for denying Plaintiff any access to his son is that "she has been acting under a court ordered PPO issued by Defendant Darlene O'Brien and requested by Defendant Miller. The problem with this is that 1.) At no time has Plaintiff ever been allowed to attend any hearing for any PPO. Plaintiff has never been mailed

Jurisdiction Con't

Copies of these PPO's. I have found out they exist when I file motions to have the suspension lifted. Since Plaintiff has NEVER (emphasis Added) threaten Defendant Woods, Never physically abused or assaulted Defendant Woods in the TEN years we have known each other, the PPO's are simply a ploy by all three defendants to circumvent Plaintiffs right to a hearing to establish whether Plaintiff is "an unfit parent." Plaintiff filed a motion requesting that Defendant O'Brien allow Plaintiff to take a polygraph test, which is admissable in civil court to establish credibility Since Defendant Woods lied to a Monroe County Judge to get a PPO then spent two weeks in TENNESSESE with Plaintiff, then lied in her divorce complaint and admitted she lied on the WITNESS stand. See Exhibit A

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

D.   What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

1. On January 5th 2015 Defendant Amanda Woods and I were married in Ypsilante (Washtenaw County). Our son, Gary Andras Mitchell, was born December 21, 2014 in Knoxville Tennessese.

2. Throughout our entire relationship Defendant Woods' parents have made it clear that due to their racist beliefs, they did not like Plaintiff.

3. Plaintiff is a black male and Defendant Woods is a white female.

4. On or about March 2016, while living in Knoxville, Tn and unbeknownth to Plaintiff, Defendant Woods and her parents had secretly conspired for Defendant Woods to leave and divorce Plaintiff when we drove back up to Michigan for her Spring break.

5. When we were ready to leave Defendant Woods got out of the car with Plaintiff and their then 2 year old son Refusing to go back to Knoxville.

6. Because this was pre-planned, when Plaintiff circled the block to get out of traffic, Defendant Woods was picked up by her mother and taken to her grandmother's.

7. Plaintiff drove to Defendant Woods grandmothers house and basically agreed to go back down to Knoxville alone and pack up and relocate us back to Michigan.

7

D. CON'T

8. When plaintiff drive back down to Knoxville Defendant Woods and her mother went to MONROE COUNTY Court and took out an Order of Protection against Plaintiff.

9. After being in Knoxville packing our belongings for a trip back, Plaintiff realized that I could not drive our car and the U-haul back up, so Plaintiff called Defendant Woods and told her "I was coming back up to get her to help me drive everything back up."

10. Plaintiff picked Defendant Woods up from Michigan and the two of us went back down to Knoxville.

11. We stayed in Knoxville together about 1½ weeks and at No Time did Defendant Woods tell me she had Taken out an Order of Protection against me.

Q. It is documented that Plaintiff and Defendant Woods were together during this time because Plaintiff had what would be 1 of 4 Traffic Accidents during this time.

13. About a month later (May 2016) ~~Defendant~~ Woods casually informed Plaintiff that she had Taken out a PPO on him because "her mom made her" and that she would call to get it Removed."

14. In July 2016 Defendant Woods left our home to go to her moms house telling plaintiff "she wanted a divorce."

15. Defendant Woods parents took her to a divorce attorney who advised her that "she needed to go back and get the child that she abandoned (a 3rd time) because having the child gave her power." Defendant Woods was also advised that "Michigan is a community property state so in order to make sure Plaintiff was not entitled to any assets, she needed to claim Domestic Violence."

16. On or about September 2016 Plaintiff was served with a divorce complaint alledging four specific incidents of domestic violence.

17. On August 9, 2016 Plaintiff pulled into a Taco Bell parking lot, where Defendant Woods was sitting, and Defendant Woods alleges that plaintiffs car bumped her.

18. Plaintiff car was going 4.173 mph according to the Crash Data Recorder in my car. ~~[redacted]~~

19. Plaintiff was charged with assault with intent to murder because Defendant Woods claimed a previous history of Domestic Violence.

20. During preliminary exam Defendant Woods stated "that Plaintiffs car bumped her" but he did not get out and hit, beat, or attack her in ANY way

21. In Defendants Woods supplemental to complaint to Defendant Miller she states "Plaintiffs car bumped her and I jumped out of my car and beat her!!"

22. In Plaintiffs June 2017 trial when asked why the two different versions Defendant Woods said "I lied". See Exhibit A

23. On August 4, 2017 a Divorce Consen was entered granting Defendant Woods sole custody of Gary Andras with the stipulation that Plaintiff be sent photo updates of his progress and growth on Jpay.

24. In September 2017 Plaintiff filed a motion with Washtenaw Family Court (Judge Darlene O'Brien) to order Defendant Woods to comply with the terms of the divorce agreement.

25. Instead Defendant O'Brien entered an order suspending Plaintiffs Parenting Time. Plaintiff has not seen and/or heard from his minor son since Defendant Woods parentally kidnapped him from their apartment July 10, 2016.

26. Over the period of August 2016 until January 2022 Plaintiff has filed 5 motions to have my Parenting Time Suspension lifted since Defendant O'Brien has never said how long my suspension lasts.

27. In every single response Defendant Miller responds by requesting that the court fine and/or sanction Plaintiff for seeking redress from this suspension.

28. In every single response Defendant Miller goes on and on about how Plaintiff seeking redress from what amounts to an abuse of discretion by Defendant O'Brien is more examples of men using the courts to abuse women.

29. Since CVAP is an equal opportunity agency Defendant Millers position is anti-male. She has defended no males and when male clients use the agency she doesn't accuse the mothers of abusing the fathers. Defendant Miller has shown gender-based discrimination against Plaintiff for the last five years.

30. During the recent covid outbreak Plaintiffs family i.e. father and brother, called Defendant Woods house to make sure their grandson/nephew was at least O.K. Defendant Woods refused to give them any word on our son.

31. Defendant Woods parents refer to our son in the most racist term of " the little monkey" and to me as "that Nigger".

32. Despite Defendant Woods admitting on record that these are the terms her parents uses in reference to Plaintiff and our minor son, Defendant O'Brien and Defendant Miller both downplay the child being in this environment.

33. Defendant Woods and her parents refuse to allow the minor child to have ANY contact with ANY black people in or outside Plaintiffs family.

34. While the minor child is bi-racial he has the dominant negroid features of Plaintiff.

35. To take a black child, rip him from his black father, then isolate the child in an all white racist household is cruel and unusual punishment to both the child and his father.

36. All defendants have conspired to brain wash the minor child to where he has no knowledge of his fathers or any of his fore-fathers. They have tried to change his name, racial identity, culture, and creed.

37. Defendant Woods is an <u>admitted</u> "hard drug user" i.e. Junkie, yet when Plaintiff filed a motion requesting that "Defendant Woods be occasionally drug tested for the safety of the child both Defendant O'Brien and Miller protested that "This would be an inconvience for Defendant

Woods. Defendant O'Brien denied the motion.

38. Defendant Woods has been clinically diagnosed as Bi polar, Psychotic, and a Sociopath. She was prescribed Prozac, lithium, Serquell, and Geodone.

39. Defendant Woods has approximately 40 self inflicted razor cuts on each arm. She has attempted suicide 3 times and committed to a mental health facility twice.

40. As a result Plaintiff filed a motion with Defendant O'Brien requesting that Defendant Woods be Required "to check in with mental health professionals since she now was solely responsible for our son."

41. This motion, as with all Plaintiffs motions, was denied. Instead Defendant Miller declared Defendant Woods "as being stable now."

42. Defendant Woods is a convicted felon as well as Plaintiff, and despite criminal history not being a factor in parenting time, Defendants O'Brien and Miller only focus on Plaintiff.

43. Michigan law requires 12 factors to be consider regarding the best interest of a child. The child has a constitutional right to know his father and the other black members of his family as well as the fathers constitutional right to know his son.

44. The plaintiff writes letters to his son that are never given to him. The plaintiff buys presents for his son that are never given to him or never told they are from his father.

42. At seven years old the minor child has no idea who plaintiff is or that I am his father because of all the above actions of Defendants O'Brien, Miller, and Woods.

43. It should be noted that plaintiff is 64 years old. Defendant Woods, plaintiffs ex-wife is 26 years old. It has been suggested that Defendant O'Brian has a problem with Plaintiffs Age amongst other things however even that is/would be Age discrimination

44. Plaintiff asserts that a 5 year or indefinite suspension of my parenting time is a gender-neutral practice pursued by Defendant Miller of Crime Victims Assistance Project and Ordered by Washtenaw County Family Court Judge/Defendant Darlene O'Brien

45. Whatever excuse offered, the punishment is disproportionate to any perceived rule infraction... especially since there was no threats - physical or verbal - to Defendant Woods. I was making sure Defendant Woods was aware of the extreme yet emotional damage she could subject our son to.

46. The rules/policy that Defendant O'Brien has Ordered is not how Washtenaw County deals with; Not just women prisoners, but women as a whole, Plaintiff treatment has been Atypical of any group except for black men who stand up for the Rights as a father.

47. Rather than overburden this court with transcripts and exhibits, all documented proof of Plaintiffs statement and Defendants responses can be seen/read at: Washtenaw County Trial Court - Family Division

CASE NO. 16-2321-DM

Plaintiff also agrees to take a polygraph to prove his case.

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Michigan Reformatory
Ionia, Michigan 48846

C.    What date and approximate time did the events giving rise to your claim(s) occur?

2018 - Current date

6

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state
what medical treatment, if any, you required and did or did not receive. Not being Allowed
Contact with my son in 5 years has caused significant hard-
ship on Plaintiff. Physically, Mentally, and Emotionally. Plaintiff is
currenting receiving medication and therapy at the prison I
am housed. Plaintiff asserts that the pain and suffering he
was suffered in the last 5 years he reflected by his difficulty
adjusting to day to day prison routine. Plaintiff is in therapy
for the depression of this event.

Plaintiff is a Veteran and was a stay-at-home dad to his
son. Plaintiff helped deliver his son and the first words
from his mouth were "DADA".

All Defendants have made a concentrated effort to destroy
this bond. 5 year indefinite suspension for writing an intelligent
warning or $1000 sanctions for seek relief in court.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any
cases or statutes.  If requesting money damages, include the amounts of any actual damages
and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

$500,000 actual/punitive damage per defendant

Outside Reunification Specialist

Recusal of Judge Darlene A. O'Brien from case

Restoration of complete Parenting Time including,
but not limited to; photos, letters, phone calls,
in-person and video visits, updates on school
progress and overall health and welfare.

8

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Michigan Reformatory
1342 W. Main St
Ionia, Mi 48846

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

9

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your
      claim(s) arose concerning the facts relating to this complaint?

      ☐    Yes

      ☑    No

      If no, did you file a grievance about the events described in this complaint at any other
      jail, prison, or other correctional facility?

      ☐    Yes

      ☑    No

E.    If you did file a grievance:

      1.    Where did you file the grievance?

      2.    What did you claim in your grievance?

      3.    What was the result, if any?

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

This case is NOT Related TO pRISON STAFF.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. This case is Related TO pARENTiNg Time for me as a pRISONER. MDOC's Rules and Regulations facilitate This objective

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

11

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) GARY ARLAND Mitchell

   Defendant(s) AMANDA, Michael; MARIE Woods

2. Court *(if federal court, name the district; if state court, name the county and State)*

   WASHTENAW COUNTY, Michigan

3. Docket or index number

   (20-494-CZ)

12

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

4.    Name of Judge assigned to your case

_Judge CONNRS_

5.    Approximate date of filing lawsuit

_August 6, 2020_

6.    Is the case still pending?

☐      Yes

☒      No

If no, give the approximate date of disposition. _September 2020_

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_Dismissed in Defendants favor_
_Appealled_

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐      Yes

☒      No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    _____

Defendant(s)  _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

3.    Docket or index number

_____

13

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

4. Name of Judge assigned to your case

_____

5. Approximate date of filing lawsuit

_____

6. Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____
_____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 10 , 20 22

Signature of Plaintiff _Gary Mitchell_

Printed Name of Plaintiff _Gary Michael Mitchell_

Prison Identification # _382546_

Prison Address _1342 W. MAIN ST_

_IONIA_ _MI._ _48846_

City       State       Zip Code

14



strict Court
denal Bldg
. Allegan
g. MI 48933



Gary A Mitchell
# 382510
1342 W. Main St.
Ionia, MI 48846

U.S. D
F
315 w
Lansing